UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOANNE HUMBLES,

                                             05-CV-4895
                          Plaintiff,         (TCP) (MLO)


            -against-


REUTERS AMERICA, INC.


                          Defendant.
----------------------------------------------------------------X
JOANNE HUMBLES,

                                             02-CV-60
                          Plaintiff,         (TCP) (MLO)


            -against-
                                             MEMORANDUM
                                                       AND
REUTERS GROUP PLC, REUTERS AMERICA,          ORDER
INC., TOM GLOCER, PATRICK BURNS, PETER
JOG, FRANK STELLING, KEVIN McKEON,
TODD JOST, DEBORAH GAY, JAY WEINSTEIN,
and BILL BOECKER,


                          Defendants.
----------------------------------------------------------------X

PLATT, District Judge

            Before the Court is a motion to dismiss the complaint filed in the

action under Docket 05-CV-4895 pursuant to Rules 12(b)(1) and 12(b)(6) of the

Federal Rules of Civil Procedure.  Defendant asserts that the complaint should be

dismissed in its entirety on the ground of res judicata because a prior decision of

this Court in the action under Docket 02-CV-60 granted Defendant partial

summary judgment, or alternatively, because the Plaintiff's claim goes beyond the scope of the EEOC charge on which it is predicated. Plaintiff argues that her prior action did not assert the claims for sex discrimination and retaliation that she asserted in her second action; alternatively, she requests leave to amend the complaint in her prior action, which is now trial-ready.

For the following reasons, Defendant's motion to dismiss the complaint in Docket 05-CV-4895 is GRANTED IN PART and DENIED IN PART; Plaintiff's alternative request for leave to amend is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

### I. Humbles I (02-CV-60)

Joanne Humbles ("Humbles" or "Plaintiff"), a black woman, was employed by Reuters America, Inc. ("Reuters" or "Defendant") from 1998 to 2001. On January 4, 2002, she filed a complaint against her erstwhile employer and various individual defendants, (collectively "Defendants"), asserting federal and State law claims for unlawful discrimination, retaliation, a hostile workplace environment, the intentional infliction of emotional distress, breach of contract and conspiracy. These claims related to her employment up to and including receipt of severance pay in connection with her termination by Defendant in or around May 2002. This action was docketed by the Court under docket number

02-CV-60 ("Humbles I").

Following discovery and three amendments to the complaint in Humbles I, Defendants moved for summary judgment on Plaintiff's third amended complaint, which Defendants characterized as "alleging discrimination on the basis of race (Black) and gender (female) . . . ." (Defs.' Mem. Summ. J. at 1). A perusal of the third amended complaint, however, reveals that Plaintiff did not assert any causes of action alleging sex discrimination, although she did refer to herself as a "black female" and make reference to a racially and sexually offensive email "joke." Subsequent to the filing of Humbles I, on March 1, 2002, Plaintiff filed an administrative charge (the "Charge") with the New York State Division of Human Rights ("SDHR" or "EEOC") in which she alleged discrimination based on race, sex, and retaliation. Based upon this Charge, Defendants argued in connection with their motion for summary judgment that there was "no apparent federal predicate for Humbles' gender discrimination claim, which appears to be based only on the New York Executive Law." (Defs.' Mem. Summ. J. at 1). Defendants further stated that they waived any procedural bars to the disposition of all of Humbles' claims in that proceeding.

Rather than asserting that any claim Plaintiff may have on the basis of her sex was not properly before the Court, Plaintiff defended on the merits the motion for summary judgment with respect to claims of sex discrimination or

sexually-based hostile work environment. Plaintiff stated that she "further alleges a violation of the New York State Human rights [sic] Law based on her sex and race . . . ." (Pl.'s Opp. Mem. Summ. J. at 1). Based upon this misleading representation, the Court included in its Memorandum and Order on the summary judgment motion a very brief analysis of Plaintiff's claims of sex discrimination, concluding that Plaintiff had offered no evidence whatsoever of having suffered any such discrimination. Hence, the Court granted Defendants summary judgment on any purported claims on the basis of sex. See Memorandum and Order, dated Sept. 30, 2004, at 11 (the "Order").

Subsequent to the entry of the Order, Plaintiff did nothing whatsoever to correct the Court's apparent misapprehension of the charges alleged in Plaintiff's third amended complaint. Humbles I is now trial-ready and is scheduled for a pre-trial status conference on September 15, 2006. The remaining claims before the Court in that action are claims of racial discrimination and retaliation against Reuters, and of retaliation against two individual defendants, Todd Jost ("Jost") and Bill Boecker ("Boecker").

## II.     Humbles II (05-CV-4895)

As noted above, on March 1, 2002, Plaintiff filed the Charge with the SDHR, alleging discrimination on account of sex, race, and retaliation. After

Defendants' counsel corresponded with the SDHR and informed the SDHR that Humbles I was pending in this Court, the SDHR advised that it would not investigate the Charge and would await the conclusion of Humbles I. By letter dated September 13, 2002, Plaintiff's counsel objected to the SDHR's determination and argued that the "charge raises issues of sex discrimination which were not presented in the lawsuit and that these alleged incidents are not the same as those referenced in the complaint." (Gilliam Aff., Ex. D). An examination of the Charge reveals that other than checking the box for "Sex" and stating that defendants "engaged in a continuous pattern and practice of racial and sex discrimination in the workplace," the allegations contained in the Charge and Plaintiff's complaint in Humbles I are essentially the same. (Briton Aff., Ex. B).

On October 19, 2005, Plaintiff filed her second action, naming Reuters as the sole defendant and asserting claims for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (the "Civil Rights Act"). This action was docketed by the Court under docket number 05-CV-4895 ("Humbles II"). The allegations in Humbles II fall into two general categories. Specifically, Plaintiff identifies two substantive claims under the Civil Rights Act: (i) that Defendant engaged in differential treatment of male and female employees concerning promotions and pay ("promotion and pay claims"); and (ii) that Defendant treated male employees

with less seniority more favorably in terms of their being retained and Plaintiff's being terminated ("retention claims"). (Pl.'s Opp. Mem. Dismiss at 11). With respect to the latter allegation, Plaintiff alleges that she only learned of this information on August 2, 2005, despite numerous requests for the information throughout 2005. (Pl.'s Opp. Mem. Dismiss at 2). Plaintiff acknowledges, however, that the information which forms the basis of her retention claims is the only information that she did not have available to her prior to litigating the summary judgment motion in Humbles I. (Pl.'s Opp. Mem. Dismiss at 11).

## DISCUSSION

Reuters now moves to dismiss Humbles II. Defendant's primary argument is that the Court has previously considered and decided a motion for summary judgment concerning Plaintiff's claims on the basis of her sex. Defendant directs the Court to the Order, which granted Defendants partial summary judgment, as well as Plaintiff's attempt to defend her claim of sex discrimination on the merits. Plaintiff argues in response that Humbles I did not assert claims for sex discrimination or retaliation; and if the Court determines that dismissal of Humbles II is warranted on this ground, Plaintiff should be granted leave to amend her complaint in Humbles I.

Defendant further argues that the claims asserted in Humbles II were not included in Plaintiff's EEOC charge and are not reasonably related to

the allegations contained therein. Plaintiff disputes Defendant's assertion that her sex claims were not raised in the Charge and thus outside of its scope. She contends that these claims are reasonably related to the Charge, which makes reference to a continuing pattern of differential treatment.

As will be explained below, Plaintiff's failure to correct the Order is fatal to the promotion and pay claims she attempts to assert in Humbles II and warrants dismissal of any claim based upon Defendant's alleged conduct up to and including her termination. Nonetheless, Plaintiff's failure in this regard does not prevent her from asserting the retention claims, which she asserts she only learned of subsequent to the Court's Order.

## I. Applicable Legal Standards

Rule 12(b)(6) permits both partial and complete dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss a complaint for failure to state a claim, the Court must assume as true all allegations contained in the complaint and assess only whether Plaintiffs have pled claims on which they are entitled to discovery. Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998); Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000).

The Court may dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to

adjudicate the case.  <u>Nowak v. Ironworkers Local 6 Pension Fund</u>, 81 F.3d 1182,

1187 (2d Cir. 1996).  When considering a motion to dismiss for lack of subject

matter jurisdiction, the Court may look to materials other than the pleadings to

decide the jurisdictional question.  <u>Sharp v. Bivona</u>, 304 F. Supp. 2d 357, 362

(E.D.N.Y. 2004) (citing <u>Robinson v. Gov't of Malaysia</u>, 269 F.3d 133, 141 n.6

(2d Cir. 2001)).  The Court must accept as true all facts alleged in the complaint,

but the Court may not make inferences in favor of the party asserting jurisdiction.

<u>Smith v. Barnhart</u>, 293 F. Supp. 2d 252, 254 (E.D.N.Y. 2003).

   The standards for dismissal under 12(b)(6) and 12(b)(1) are

virtually identical.  <u>Lerner v. Fleet Bank, N.A.</u>, 318 F.3d 113, 128 (2d Cir. 2003)

(citing <u>Moore v. Painewebber, Inc.</u>, 189 F.3d 165, 178-179 (2d Cir. 1999)).  The

motion should be granted if "it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief."  <u>Formica</u>

<u>v. Town of Huntington</u>, 1996 U.S. App. LEXIS 31031, at *4 (2d Cir. Sept. 19,

1996) (citation omitted); <u>Fortress Bible Church v. Feiner</u>, 2004 U.S. Dist. LEXIS

9614, at *3 (S.D.N.Y. March 29, 2004) (citing <u>Sec. Investor Prot. Corp. v. BDO</u>

<u>Seidman, LLP</u>, 222 F.3d 63, 68 (2d Cir. 2000)).  The only practical distinction is

that "the party invoking the jurisdiction of the court has the burden of proof in a

12(b)(1) motion, in contrast to a 12(b)(6) motion, in which the defendant has the

burden of proof."  <u>Lerner</u>, 318 F.3d at 128 (citing <u>Thompson v. County of</u>

<u>Franklin</u>, 15 F.3d 245, 248 (2d Cir. 1994)).

## II.    Rule 60(b)

As an initial matter, neither Plaintiff nor Defendants have addressed the instant motions under Rule 60(b).  Although Rule 60(b) contemplates relief only "on motion," the Court, however, is of the opinion that Defendants' arguments regarding preclusion and Plaintiff's response, which reargues her promotion and pay claims of sex discrimination, are appropriately addressed under the procedural framework established in Rule 60(b).[1]  In essence, what Plaintiff has done by filing Humbles II is to seek reconsideration of or relief from the Court's Order, dated September 30, 2004, which granted Defendants' motions for summary judgment on claims of sex discrimination and retaliation related to her employment at Reuters.  Rule 60(b) does not permit this.[2]

---

[1]    The Court, in addressing Rule 60(b), however, has not decided the issues presented herein on that basis; instead, the Court simply employs Rule 60(b) to demonstrate that Plaintiff may not attempt to reargue issues previously decided by the Court in the manner in which she has chosen to do so in connection with the instant motion, without first challenging the Order in some manner.  As will be explained in detail, <u>infra</u>, were the Court to consider a motion under Rule 60(b), at this late stage of the litigation, it can conceive of no circumstance that Plaintiff could present, which would cause the Court to reconsider its conclusions herein with respect to Rule 60(b).

[2]    In the Court's opinion, subsections (2), (3), (4), and (5) of Rule 60(b) are inapplicable and will not be discussed at length.  Briefly, any attempt to address the situation presented herein under Rule 60(b)(4),

Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order.  <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (1986).  Rule 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order, or proceeding for the following  reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) is addressed to the sound discretion of the trial court and is generally not reviewable on appeal, absent a clear abuse of discretion.  <u>Altman v. Connally</u>, 456 F.2d 1114, 1116 (2d Cir. 1972).

---

which provides for relief from a void judgment, would be ineffective. A judgment is not void simply because it is or may have been wrongly decided.  <u>Hoult v. Hoult</u>, 57 F.3d 1, 15 (1st Cir. 1995); <u>O'Rourke Bros., Inc. V. Nesbitt Burns, Inc.</u>, 201 F.3d 948, 951-53 (7th Cir. 2000 (even gross errors do not render a judgment void). Subsections (1) and (6) will each be addressed in turn.

Relief under Rule 60(b) is granted only when there is "a showing of exceptional circumstances" by the moving party. Mendell on behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). Rule 60(b) should not be used as a substitute for a timely appeal; it should be utilized by the courts to do "substantial justice . . . yet final judgments should not 'be lightly reopened.'" Nemaizer v. Baker, 793 F.2d at 61 (quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981); see also Mastini v. American Telephone & Telegraph Co., 369 F.2d 378, 379 (2d Cir. 1966) (rejecting a Rule 60(b) motion, and noting that "appellant was attempting to use a Rule 60 motion to relitigate the merits of his claim"). The moving party bears the burden of proof in seeking relief. Trowbridge v. Inst. for Basic Research in Developmental Disabilities, 2003 WL 21143086, at *2 (E.D.N.Y. Mar. 3, 2003) (citing United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).

As a threshold matter, a motion for relief under Rules 60(b)(1)-(3) must be filed "within a reasonable time" and "not more than one year after the order . . . was . . . entered." Fed. R. Civ. P. 60(b); see also Jedrejcic v. Croatian Olympic Comm., 190 F.R.D. 60, 78 (E.D.N.Y. 1999). When considering what constitutes a reasonable time for a Rule 60(b) motion, courts must balance the interest in the finality of judgments versus the reason for the delay, and should

also consider the possibility of prejudice to other parties.  <u>See</u> <u>id.</u> (citation

omitted).  In considering the finality of judgments, Rule 60(b) should not be

employed simply to relieve a party from a voluntary and deliberate choice that

later turns out to be unfortunate.  <u>See</u> <u>id.</u> (citing <u>Nemaizer</u>, 793 F.2d at 62

(holding that attorney's failure to understand principles of <u>res judicata</u> did not

present grounds for relief under Rule 60(b)(6)).

### A.      Rule 60(b)(1)

Rule 60(b)(1) authorizes the court to provide relief from a

judgment for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R.

Civ. P. 60(b)(1).  Mistake has been held to include a mistake of a court as well as

the parties.  <u>See</u> <u>Schildhaus v. Moe</u>, 335 F.2d 529, 531 (2d Cir. 1964).  A motion

pursuant to Rule 60(b)(1) must be made not more than one year after the

judgment, order, or proceeding was entered or taken.  <u>Id.</u>; <u>Foley v. United States</u>,

645 F.2d 155, 157 (2d Cir. 1981) ("the one-year limit is an outside extreme, not

an automatically available time for filing the motion").  Moreover, the one year

time limitation pertaining to subsection (1) has been strictly observed.  <u>See</u>

<u>Ackermann v. United States</u>, 340 U.S. 193, 197 (1950).

The Order, dated September 30, 2004, from which relief is sought,

was entered more than one year before Plaintiff initiated her second action on

12

October 19, 2005, and over eighteen months before Plaintiff served her opposition to the instant motion, wherein she contends that she never raised claims of sex discrimination in Humbles I.  Even if Plaintiff had moved under Rule 60(b)(1), the time limitation pertinent that statute would prevent the Court from considering Plaintiff's contention.  <u>See</u> <u>Schildhaus v. Moe</u>, 335 F.2d at 531 (denying motion to vacate judgment under Rule 60(b)(1) made eight months after entry of the judgment as not made within a reasonable time) (internal citations omitted).

Even if the Court were permitted to entertain Plaintiff's contention under Rule 60(b)(1), it would still fail.  Courts in this Circuit have consistently "declined to relieve a client under subsection (1) of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.'"  <u>Nemaizer</u>, 793 F.2d at 62 (quoting <u>United States v. Cirami</u>, 535 F.2d 736, 739 (2d Cir. 1976)).  An attorney's failure to carefully consider the legal consequences of a chosen course of action provides no basis of relief from a judgment.  <u>Id.</u>  That Plaintiff's counsel defended the motion for summary judgment with respect to the promotion and pay claims of sex discrimination in the first action and did not challenge the Court's Order is not the type of "mistake, inadvertence, surprise, or excusable neglect," which

would warrant relief under Rule 60(b)(1).  <u>See, e.g.</u>, <u>Foley v. United States</u>, 645 F.2d 155, 157 (2d Cir. 1981) (mistakes and logistical difficulties resulting in delay were considered excusable neglect); <u>Peterson v. Term Taxi, Inc.</u>, 429 F.2d 888, 891 (2d Cir. 1970) (plaintiff did not appear for trial believing trial had not been set); <u>Negron v. Peninsular Navigation Corp.</u>, 279 F.2d 859, 860 (2d Cir. 1960) (judgment of dismissal pursuant to Rule 37(d) reversed under Rule 60(b)(1)); <u>Denman v. Shubow</u>, 413 F.2d 258, 259 (1st Cir. 1969) (plaintiff provided a good excuse for failing to answer assignment call); <u>Rooks v. American Brass Co.</u>, 263 F.2d 166, 168 (6th Cir. 1959) (party was found not to have actual notice of service of process).  When a party fails to act with diligence, the party will be unable to demonstrate that his conduct constituted excusable neglect. <u>State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 177 (2d Cir. 2004).  Relief is particularly unmerited where, as here, Plaintiff seeks relief more than one-year after the Court's Order was entered.

**B.**     **Rule 60(b)(6)**

Rule 60(b)(6) provides that relief may be granted for "any other reason justifying relief from the operation of the judgment."  This subsection is properly invoked only when there are "extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1) - (5) of the Rule."

<u>Nemaizer</u>, 793 F.2d at 63 (internal citations omitted).  In light of these considerations, relief under Rule 60(b)(6) similarly would be unavailable to Plaintiff, had she even sought such relief.

As noted above, when the movant's grounds for relief are encompassed wholly within the first five subsections, the movant may not also seek relief under subsection (6).  <u>United States v. Cirami</u>, 563 F.2d 26, 32 (2d Cir. 1977); <u>Nemaizer v. Baker</u>, 793 F.2d 58, 63 (2d Cir. 1986) (relief under Rule 60(b)(6) is only appropriate when "the asserted grounds for relief are not recognized in clauses (1)-(5) of the rule."); <u>Cobos v. Adelphi Univ.</u>, 179 F.R.D. 381, 386 n.5 (E.D.N.Y. 1998) ("Clauses (1) and (6) are mutually exclusive.").  Thus, any application under this subsection obviously would fail, given the Court's conclusion above that the appropriate subsection under which to seek relief from the Order is subsection (1).

Furthermore, a motion under subsection (6) must also be "made within a reasonable time."  Fed. R. Civ. P. 60(b).  What constitutes a reasonable amount of time is decided on a case-by-case basis.  <u>See, e.g.</u>, <u>Moore's Federal Practice</u>, § 60.65 (collecting cases).  Addressing the "reasonable time" limitation requires "scrutiny of the particular circumstances of the case, and balancing the interest in finality with the reason for delay."  <u>PRC Harris, Inc. v. Boeing Co.</u>, 700 F.2d 894, 897 (2d Cir.), <u>cert. denied</u>, 464 U.S. 936 (1983).  Courts further

consider the possibility of prejudice to the opposing party.  See In re Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981).  Plaintiff has not moved under Rule 60(b); thus, the Court could conceive of no circumstance under which it would conclude, in the event that Plaintiff did so move, that she had done so within a reasonable time.

Moreover, Rule 60(b)(6) relief is available only under "extraordinary circumstances" or "extreme hardship."  Ackermann v. United States, 340 U.S. 193, 199 (1950); Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986); see Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 393 (1993) ("To justify relief under subsection [60(b)](6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.").  A party's lack of due diligence counsels against granting relief. Questrom v. Federated Department Stores, Inc., 192 F.R.D. 128, 132 (S.D.N.Y. 2000), aff'd, 2 Fed. Appx. 81 (2d Cir. 2001).  An extraordinary circumstance under Rule 60(b)(6) may be demonstrated where a plaintiff would be left without a remedy if the order were not reconsidered.  See Le Blanc v. Cleveland, 248 F.3d 95, 101 (2d Cir. 2001) (recognizing that a present lack of diversity would have prevented plaintiff from refiling her action in federal court).

Here, Plaintiff has not demonstrated the extraordinary circumstances or extreme hardship necessary for the Court to grant her relief

under this Rule.  In addition, in civil proceedings, the Second Circuit very rarely

grants relief under Rule 60(b)(6) for cases of alleged attorney failure or

misconduct.  Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004).  "To be

'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures

must be so egregious and profound that they amount to the abandonment of the

client's case altogether, either through physical disappearance, or constructive

disappearance."  Id. (internal citations omitted).  No such circumstances are

shown here.  In addition, Plaintiff is by no means without a remedy as she still has

the opportunity to present evidence in support of her remaining claims in

Humbles I and her retention claims in Humbles II.

> In sum, on this motion to dismiss, Plaintiff does not address why
she did not move for reconsideration or move in some form to correct the Order.

Indeed, Plaintiff does not even acknowledge that the very first page of her papers

in opposition to the motion for summary judgment stated that "Plaintiff further

alleges a violation of the New York State Human rights [sic] Law based on her

sex and race . . . ."  (Pl.'s Opp. Mem. Summ. J. at 1).  Instead, Plaintiff maintains

throughout her papers in opposition to the instant motion that she never asserted a

claim on account of her sex.[3]  (Pl.'s Opp. Mem. Dismiss at passim).  Plaintiff's

---

[3]    Plaintiff incorrectly states in her opposition papers: " . . . plaintiff did
not raise this issue in her opposition to defendants' motion for

assertions in defending the summary judgment motion in Humbles I are plainly inconsistent with her assertions in defending the instant motion in Humbles II.

Given Plaintiff's failure to correct the record after the Court's Order, the Court has no option but to conclude that at the time the Court issued the Order, Plaintiff believed, mistakenly or otherwise, that she had asserted promotion and pay discrimination claims on account of her sex in Humbles I. Plaintiff apparently still has not realized her "mistake" and simply claims that she did not assert the sex discrimination claim in Humbles I. Plaintiff's inaction constitutes a waiver of any rights she may have had under Rule 60, and the statements in her memorandum of law in opposition to the motion for summary judgment, (Pl.'s Opp. Mem. Summ. J. at 1), estop her from now claiming that the opposite is true. "A defeated litigant cannot set aside a judgment because of his failure to interpose a defense that could have been presented at trial, or because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." Meagher v. Cement & Concrete Workers Dist. Counsel, 1993 U.S. Dist. LEXIS 17161, at *8-9 (S.D.N.Y. Dec. 6, 1993) (citing Wright and Miller § 2858).

Thus, having considered Rule 60(b), it is this Court's opinion that

summary judgment."  (Pl.'s Opp. Mem. Dismiss at 3).

had Plaintiff sought relief in the proper manner from the Order, she would not be entitled to such relief. Application of Rule 60(b) would not permit the Court to reconsider the Order and would mandate dismissal of the promotion and pay claims in Humbles II. Nonetheless, with Rule 60(b)'s procedural framework in mind, the Court now will consider the parties' arguments regarding res judicata.

## II.     Res Judicata

According to the doctrine of res judicata or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Weston v. First Union Nat'l Bank, 1999 U.S. App. LEXIS 30446, at *4 (2d Cir. Nov. 18, 1999) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). New York takes a transactional approach to res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief. Weston, 1999 U.S. App. LEXIS 30446, at *4. In order for the doctrine of res judicata to bar a subsequent action, the Court must determine that: (i) the previous action involved an adjudication on the merits; (ii) the previous action involved the parties or those in privity with them; and (iii) the claims asserted in the subsequent action were or could have been raised in the previous action. Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 284-85 (2d Cir.

19

2000).  Relevant considerations include whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second action were present in the first.  NLRB v. United Techs. Corp., 706 F.2d 1254, 1260 (2d Cir. 1983).  The burden is on the party seeking to invoke res judicata to prove that the doctrine bars the second action.  See Thomas v. New York City, 814 F. Supp. 1139, 1148 (E.D.N.Y. 1993).

The parties do not dispute the second prong of the test above, namely that the previous action involved the parties or those in privity with them. Monahan, 214 F.3d at 284-85.  Plaintiff again in Humbles II asserts a claim against her former employer, Reuters.  Heavily contested, however, are the first and third prongs.

Plaintiff argues under the first prong above that there has been no adjudication on the merits as the Court has not issued a final judgment. Plaintiff's argument is unavailing as courts have recognized that a grant of summary judgment, even if not completely disposing of the action and resulting in a final judgment, has a sufficient degree of finality so as to constitute an "adjudication on the merits."  See Lummus Co. v. Commonwealth Oil Ref. Co., 297 F.2d 80, 89 (2d Cir. 1961); Restatement 2d of Judgments, § 13 (1982).

Plaintiff further argues under the first and third prongs above that

Plaintiff did not present a federal or State sex discrimination claim to the Court in Humbles I, as such there was no adjudication of that claim on the merits. For the reasons stated above, supra II, and on account of res judicata, Plaintiff's second argument is insufficient to withstand Defendant's motion to dismiss, at least with respect to her promotion and pay claims.

Plaintiff included in her memorandum of law in opposition to Defendants' summary judgment motion a sentence indicating that she asserted a claim for discrimination on account of her sex under the New York State Human Rights Law. (Pl.'s Opp. Mem. Sum. J. at 1). The Court, having been misled by the parties as to the nature of the claims before it, erroneously adjudicated an issue not presented in Plaintiff's complaint. The Court decided that Plaintiff had shown no evidence whatsoever of discrimination on account of her sex and granted Defendants summary judgment on that issue. Despite Plaintiff's contentions, this grant of summary judgment constitutes an adjudication on the merits. Indeed, Plaintiff defended any purported claims of sex discrimination on the merits. Furthermore, the promotion and pay claims that Plaintiff alleges in Humbles II most certainly could have been raised in Humbles I. Accordingly, res judicata operates herein to bar any additional consideration of Plaintiff's promotion and pay claims.

Plaintiff's Complaint in Humbles II, however, alleges as further

support for her sex discrimination and retaliation claims information that was learned during discovery in Humbles I, subsequent to the Order.  Plaintiff asserts that in August 2005, in response to discovery requests, she was informed belatedly that a number of less senior male co-workers of Plaintiff were retained while Plaintiff was terminated.  This information forms the basis of Plaintiff's retention claims.  Defendant disputes the merits of this claim in its reply memorandum, but does not dispute when Plaintiff received the information. (Def's. R. Mem. at 5 n.3).  <u>Res judicata</u> does not apply to new rights acquired during the action, which might have been, but which were not, litigated.  <u>Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist</u>., 750 F.2d 731, 739 (9th Cir. 1984)) (holding that res judicata does not bar litigation of claims arising from transactions which occurred after first action was brought).  Although Plaintiff may have sought leave to file a supplemental pleading to assert a claim based on this conduct the Court decided the summary judgment motion in Humbles I, <u>see</u> Fed. R. Civ. P. 15(c), she was not required to do so.  <u>See</u> <u>SEC v. First Jersey Sec., Inc.</u>, 101 F.3d 1450, 1464 (2d Cir. 1996); <u>see also</u> <u>Prime Mgmt. Co., Inc. v. Steinegger</u>, 904 F.2d 811, 816 (2d Cir. 1990).  Thus, <u>res judicata</u> does not mandate the dismissal of Plaintiff's retention claims, and these claims may stand.

**II.      Scope of the SDHR Charge**

Defendant's second proffered ground for dismissal concerns the scope of Plaintiff's SDHR administrative charge. Plaintiff contends that the claims asserted in Humbles II are reasonably related to the claims in the Charge. In light of the Court's conclusions above with regard to Plaintiff's promotion and pay claims, the analysis which follows is limited to the retention claims remaining in Humbles II.

A plaintiff may assert in a district court complaint only those claims that either were included in or are "reasonably related to" the allegations contained in her EEOC charge. Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d Cir. 2001); Alfano v. Costello, 294 F.3d 365, 381-82 (2d Cir. 2002). "Reasonably related to" includes a claim which would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination. Alfano, 294 F.3d at 381.

The first paragraph of the Charge herein asserts a "continuing pattern and practice of racial and sex discrimination in the workplace, resulting in disparate treatment of minorities and women and engendering a workplace where racial, ethnic and sexual slurs are commonplace." It also references a "racially and sexually explicit joke." Although the allegations in Humbles II were not specifically stated in the Charge, the Second Circuit has recognized that claims that were not asserted before the EEOC may be pursued in a subsequent federal

court action if they are reasonably related to those filed with the agency, see

Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir.

2001), or were carried out in precisely the same manner as those alleged with the

agency, see Alfano, 294 F.3d at 381. It does not strain credulity to conclude that

Plaintiff's claims in Humbles II would have been included within the scope of an

EEOC investigation, given her broad assertion in the first paragraph of particulars

in the Charge. As such, Defendant's motion to dismiss on this ground is denied

as well.

### III.    Motion to Amend

Plaintiff has alternatively requested permission to amend the

complaint in Humbles I to include the allegations contained in Humbles II.

Defendant argues against permitting Plaintiff to amend in any respect because

Humbles I is now on the Court's trial calendar and the discovery deadline has

long passed. Defendant asserts that it would be prejudiced as an amendment

would necessitate further discovery and delay a trial.

The Court concludes that, as to Plaintiff's second claim above

pertaining to the retention of less senior males, Defendant would suffer no

prejudice if Plaintiff were permitted to amend. Delay alone is generally

insufficient to deny a request to amend. See Forman v. Davis, 371 U.S. 178

(1962). Unlike Plaintiff's first claim, concerning promotions and pay, the

information relevant to this claim allegedly became known to Plaintiff after she received a delayed response to her discovery demands. Common sense dictates that Defendant may not contribute to a delay and then claim that it has been prejudiced as a result.

Furthermore, Plaintiff represents that "any further discovery that would be necessary would primarily consist of further supplemental responses to the interrogatory responses that were supplemented on August 2, 2005 regarding the employment status of male employees whom plaintiff identifies as having less seniority than her." (Pl.'s Opp. Mem. at 13). In light of Plaintiff's offer to limit discovery under these circumstances as stated above, the Court agrees that such limited discovery will not further delay the progress of Humbles I.

Accordingly, Plaintiff's request to amend is granted in part and denied in part. Within twenty days of the date of this Memorandum and Order and with notice to all counsel, Plaintiff must elect: (i) to maintain two separate actions in conformity with this Memorandum and Order, or (ii) to voluntarily dismiss Humbles II and amend the Complaint in Humbles I to include her retention claims on account of her sex.

## CONCLUSION

For the foregoing reasons, as to Docket 05-CV-4895, Defendant's motion to dismiss is granted in part and denied in part. Plaintiff may proceed

only with her retention claims on account of her sex.  As to Docket 02-CV-60,

Plaintiff's alternative motion to amend is granted in part and denied in part, as

outlined above.  The pre-trial conference scheduled in Humbles I for September

15, 2006, is hereby adjourned without a date.

SO ORDERED.

_____/s/ Thomas C. Platt_____
Thomas C. Platt, U.S.D.J.

Dated:    Central Islip, New York
          August 31, 2006